UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
SHERWIN CHARLES,

                         Plaintiff,

      -against-

THE CITY OF NEW YORK,
POLICE OFFICER SHERLON CROMWELL (TAX 943116), and
POLICE OFFICER RAYMOND HIGGINS (SHIELD 28788)

                        Defendants.
---------------------------------------------------------------------------------X

**AFFIRMATION OF JESSICA MASSIMI IN OPPOSITION TO DEFENDANTS' BILL OF COSTS**

**16 CV 1797 (FB)(VMS)**

    JESSICA MASSIMI, an attorney duly admitted to practice in this Court, affirms the following is true and correct pursuant to 28 U.S.C. § 1983.

1. I am an attorney at The Law Offices of Michael S. Lamonsoff, PLLC, 32 Old Slip, 8th Floor, New York, NY 10007. I am familiar with the facts and circumstances of this proceeding and submit this affirmation in support of Plaintiff's motion to set aside the Clerk's Taxation of Costs in this case, dated October 13, 2017.

2. Defendants Police Officer Sherlon Cromwell and Police Officer Raymond Higgins sought costs in the amount of $443.60. The Clerk rejected certain costs, but awarded the City of New York $434.48.

3. Defendants' Bill of Costs should be set aside entirely because Plaintiff has extremely limited financial resources such that he could not even personally pay for the civilian clothing he wore at trial. See Bucalo v. E. Hampton Union Free Sch. Dist., 238 F.R.D. 126, 129 (E.D.N.Y. 2006) ("a Court need not award costs if its finds that such an award would be inequitable."); See also Moore v. Cnty. of Delaware, 586 F.3d 219, 221-22 (2d Cir. 2009) ("[D]enial of costs may be appropriate where a losing party can demonstrate misconduct by a prevailing party, the public importance of the case, the difficulty of the issues presented, or

its own limited financial resources."); Jones v. Gen. Bd. of United Methodist Church, No. 96 CIV. 5462 (HB), 1997 WL 639027, at *1 (S.D.N.Y. Oct. 15, 1997) (vacating taxation of costs).

4. Plaintiff has limited financial resources, and as such, it would be inequitable and a hardship on him to pay the City of New York for the Defendants' costs in litigating this case. Plaintiff's limited financial resources is compounded by the fact that Plaintiff is currently incarcerated at Riverview Correctional Facility in upstate New York.

5. Moreover, though Plaintiff's case was factually difficult and the jury ultimately returned a verdict in favor of the Defendants, Plaintiff commenced, litigated, and tried this case in good faith.

WHEREFORE, Plaintiff respectfully requests that the Court set aside the Clerk's Taxation of Costs and issue any and all further relief the Court deems just and proper.

Dated: New York, New York
October 17, 2017

/s/
_____
JESSICA MASSIMI (JM-2920)

To: Elissa Fudim, Esq.
New York City Law Department
100 Church Street
New York, NY  10007

2