UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
SHERWIN CHARLES,

        Plaintiff,

 -against-                      **MEMORANDUM AND ORDER**
                                         1:16-cv-1797(FB)(VMS)
SHERLON CROMWELL, RAYMOND
HIGGINS, and THE CITY OF NEW
YORK,

        Defendants.
---------------------------------------------------x

*Appearances:*
| | |
|---|---|
| *For the Plaintiff* | *For the Defendant* |
| JESSICA S. MASSIMI | MELANIE MARY SPEIGHT |
| The Law Offices of Michael S. Lamonsoff PLLC | ELISSA PAULETTE FUDIM |
| 32 Old Slip, 8th Floor | 100 Church Street |
| New York, NY 10005 | New York, NY 10007 |

**BLOCK, Senior District Judge:**

      Plaintiff Sherwin Charles moves to set aside the taxation of costs entered on October 13, 2017. Plaintiff's motion is granted.

      After plaintiff sued defendants for various civil rights violations, defendants won a jury trial on all counts. Defendants filed a motion for costs pursuant to Federal Rule of Civil Procedure 54 seeking $443.60. The clerk entered judgment in the amount of $434.48. Plaintiff now seeks to vacate the award on account of his indigence.

      "A district court reviews the clerk's award of costs by exercising its own discretion to 'decide the cost question [it]self.'" *Assocs. Against Outlier Fraud v. Huron Consulting*

*Group, Inc.*, 817 F.3d 433, 435 (2d Cir. 2016) (quoting *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001)). While "an award of costs is the rule, not the exception," *Moore v. Cty. of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009), "[a] Court 'need not award costs if [it] finds that such an award would be inequitable." *Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y. 2006) (quoting *Bekiaris v. United States*, 1998 WL 734362, at *1 (S.D.N.Y. Oct. 20, 1998)). "The Court may consider factors such as the plaintiff's financial hardship and good faith in bringing the action." *Id.* Nor does the Court need "specific knowledge of the Plaintiff's finances" to set aside an award of costs. Id.

Here, plaintiff brought this action in good faith and claims he has limited financial resources. While he did not submit evidence of his finances, he is currently incarcerated at Riverview Correctional Facility, and his attorney filed an affirmation swearing that plaintiff was unable to afford civilian clothes for his trial. The Court takes this representation as true.

Therefore, it would be inequitable to award costs against plaintiff, and his motion to set aside the Clerk's award of costs is granted.

**SO ORDERED**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 23, 2018